IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OSCAR MARTINEZ, | § | |
| | § | |
| Defendant Below, | § | No. 344, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0905009708 (N)[1] |
| | § | C.A. No. N17M-07-008 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 5, 2017
Decided: September 14, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

This 14th day of September 2017, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On August 25, 2017, the appellant, Oscar Martinez, filed a notice of appeal from a Superior Court order denying his petition for a writ of habeas corpus. The Superior Court order was dated July 19, 2017 and docketed on July 20, 2017. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before August 21, 2017. The Senior Court Clerk issued a notice directing Martinez to show cause why this appeal should not be dismissed as untimely filed.

---

[1] The criminal number that appears on the Superior Court's order (Cr. ID No. 30306270DI) is incorrect.

(2)     In his response to the notice to show cause, Martinez argues his appeal is timely because he mailed the notice of appeal on August 17, 2017.  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3)     Martinez does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[2] Supr. Ct. R. 10(a); *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Carr*, 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).